UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL P.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-524-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by excluding anxiety as a severe impairment at step two, and in assessing certain medical opinion evidence. (Dkt. # 21 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1979, graduated from high school and has two years of college education, and previously worked as a library assistant. AR at 36, 49. Plaintiff was last gainfully employed in December 2016. *Id.* at 177.

In January 2017, Plaintiff applied for benefits, alleging disability as of December 7, 2016. AR at 152-60. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 92-94, 96-101. After the ALJ conducted a hearing in August 2018 (*id.* at 31-59), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 13-25.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: depressive disorder, personality disorder, and migraine headaches.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: he is limited to simple, routine, and repetitive tasks. He cannot climb ladders, ropes, or scaffolds; cannot work at unprotected heights; cannot be exposed to any dangerous moving machinery; and cannot be exposed to any excessive vibration and noise. He is limited to work with no more than brief, superficial interaction with the public and coworkers.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 13-25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Finding Plaintiff's Anxiety Not Severe at Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§

404.1522(b), 416.922(b).

In this case, the ALJ explained at step two that although Plaintiff had been diagnosed with anxiety, his symptoms decreased with medication and there was "no evidence this impairment caused significant limitation in the claimant's ability to perform basic, work-related activities for a continuous twelve month period." AR at 16.

Plaintiff notes that a State agency consultant and an examining psychiatrist listed anxiety among Plaintiff's diagnoses, and Plaintiff contends that the ALJ's error in excluding anxiety is not harmless because "it can only be concluded that [the ALJ] did not adequately consider it in formulating the [RFC] which he adopted." (Dkt. # 21 at 15.)

Plaintiff has failed to show harmful legal error in the ALJ's step-two findings. That the record includes anxiety diagnoses does not show that Plaintiff's anxiety was severe, and thus Plaintiff's pointing to evidence confirming his diagnosis does not show error in the ALJ's step-two findings. Furthermore, the ALJ explicitly indicated that he took "into account all non-severe impairments in assessing the claimant's [RFC]." AR at 16. Indeed, Plaintiff has not identified any particular limitation that the ALJ should have included in the RFC assessment as a result of Plaintiff's anxiety disorder. (*See* Dkt. # 21 at 15 (Plaintiff's opening brief stating that if anxiety had been included at step two, "additional limitations would have been supported[,]" but failing to identify any limitations).) Under these circumstances, Plaintiff has failed to show any harmful legal error flowing from the ALJ's finding that his anxiety was not severe. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

**B.    The ALJ Did Not Err in Assessing Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in discounting the opinion of consultative psychiatric examiner Kathleen Andersen, M.D., and in assessing the State agency consultants' opinions.

(Dkt. # 21 at 3-14.) The Court will address each disputed opinion in turn.

    1.    *Legal Standards*[3]

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

    2.    *Dr. Andersen*

Dr. Andersen examined Plaintiff in April 2017 and wrote a narrative report describing his symptoms and limitations. AR at 367-74. The ALJ summarized Dr. Andersen's conclusions and explained that he gave little weight to them because her assessment of Plaintiff's functioning "assum[ed] no intervention and [she] suggested the claimant could benefit from a combination of therapy and psychotropic medications." *Id*. at 22. The ALJ also found that Dr. Andersen relied "too heavily on the claimant's subjective complaints" and did not have access to the longitudinal record, which included "minimal psychiatric observations of extremely limiting mental health symptoms[.]" *Id*. (citing *id*. at 377, 395, 427, 443, 446, 449, 452).

The ALJ's first reason to discount Dr. Andersen's opinion is specific and legitimate. Dr. Andersen's medical source statement describes Plaintiff's current degree of functioning with minimal treatment, but does not describe the most he could do if he complied with her treatment

---

[3] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

recommendations. *See* AR at 373-74. The ALJ found that Plaintiff's refusal of treatment undermined his allegations of disability (*id.* at 21), and did not err in also finding that it undermined the probative value of Dr. Andersen's opinion for purposes of assessing Plaintiff's RFC. *See Warre v. Comm'r of the Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); 20 C.F.R. § 416.945(a)(1) (defining RFC to mean the most a claimant can do despite limitations, based on all relevant evidence in the record).

The ALJ's second line of reasoning is also specific and legitimate. Dr. Andersen reviewed some records from February through April 2016 (AR at 371-72), which does not represent the entire longitudinal record and thus imparts a limited perspective on Plaintiff's condition. *See* 20 C.F.R. § 404.1527(c)(6) (providing that an ALJ may consider the extent to which a medical source is familiar with the other information in a claimant's record, in considering the weight to afford a medical opinion).

Lastly, Dr. Andersen's conclusions reference Plaintiff's self-reported symptoms. *See, e.g.*, *id.* at 374 ("At the job, related to [Plaintiff's] reported pain experience, depressed mood, low energy, loss of motivation, he would have marked difficulty persisting at tasks, completing tasks in a timely fashion."). Thus, to the extent Dr. Andersen relied on Plaintiff's self-report in rendering her medical source statement, the ALJ did not err in discounting the opinion in light of his unchallenged finding that Plaintiff's self-report was not entirely reliable. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her

limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ provided specific, legitimate reasons to discount Dr. Andersen's opinion, the Court affirms this portion of the ALJ's decision.

### 3. State Agency Opinions

The ALJ gave "partial weight" to the opinions of the State agency psychological consultants, finding that additional evidence received after State agency review shows that Plaintiff has social restrictions. AR at 22. Plaintiff argues that to the extent that the ALJ credited the State agency opinions, the ALJ erred because he failed to provide an adequate explanation for his reliance on these opinions over Dr. Andersen's opinion. (Dkt. # 21 at 12.)

Plaintiff cites no authority, however, requiring an ALJ to provide any reasoning explaining why an opinion is credited. An ALJ should discount a reviewing consultant's opinion if it is contradicted by all of the other evidence in the medical record. *See Andrews*, 53 F.3d at 1041 (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))). But Plaintiff has not shown that the State agency psychological opinions were contradicted by all of the other evidence in the record, and Plaintiff himself failed to challenge the ALJ's assessment of much of the evidence in the record, including Plaintiff's allegations and certain medical and lay opinions.

Plaintiff also argues that the ALJ erred in giving "some weight" to the State agency medical consultants' opinions, with more weight due to the reconsideration opinion because it was based on more available medical evidence. *See* AR at 21-22. The ALJ rejected the reaching limitations included in the State agency medical opinions, finding them to be inconsistent with

certain medical findings as well as with Plaintiff's and his girlfriend's denial that he had any reaching limitations. *Id*. at 22. Plaintiff argues that the ALJ failed to provide an adequate reason for discounting the reaching limitations in the State agency medical opinions.

The Court disagrees. The ALJ's reference to the statements (AR at 195, 223, 244) of Plaintiff himself and his girlfriend, denying that Plaintiff has any problems with reaching, is an adequate basis for discounting the reaching limitations indicated in the State agency medical opinions. *See, e.g.*, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's discounting of a medical opinion describing limitations that the claimant had never claimed to have). Plaintiff does not address the ALJ's reliance on his and his girlfriend's statements, and has not shown that the ALJ erred in relying on that evidence to discount the State agency medical opinions.

Because Plaintiff has not established error in the ALJ's assessment of the State agency opinions, the Court affirms this portion of the ALJ's decision.

V. **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge